1                **UNITED STATES BANKRUPTCY COURT**

2                **EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In Re ) | |
| ) | |
| VINCENT THAKUR SINGH, dba ) | Case No.:   10-42050-D-7 |
| PERFECT FINANCIAL GROUP, INC., ) | |
| dba AAMCO STOCKTON, INC., dba ) | Chapter 7 |
| AAMCO ORANGEVALE, INC., fdba ) | |
| ACCEPTANCE CAPITAL, fdba ) | |
| PERFECT MORTGAGE and MALANIE ) | District Court No. 2:15-cv-0918 JAM (BK) |
| GAY SINGH ) | |
| ) | |
|         Debtors. ) | |
| _____ ) | Adv. Pro. No.:  12-2501-D |
| ) | DCN: HLC-001 |
| MICHAEL F. BURKART, CHAPTER 7 ) | |
| TRUSTEE, ) | |
|         Plaintiff, ) | |
| v. ) | |
| ) | |
| PRABEEN SINGH, ) | **Date:**     **April 15, 2014** |
|         Defendant. ) | **Time:**     **10:00 a.m.** |
| ) | **Dept:**    **D (Courtroom 34)** |
| _____ ) | |

**RECOMMENDATION TO THE DISTRICT COURT WITH
FINDINGS OF FACT AND CONCLUSIONS OF LAW**

    Chapter 7 trustee Michael Burkart ("plaintiff") has filed a motion for summary judgment against defendant Prabeen Singh ("defendant"). The motion was noticed under LBR 9014-1 (f)(1) and is unopposed. The court submits to the district court the following findings of fact and conclusions of law, pursuant to 28 U.S.C. § 157(c)(1).

                 **BANKRUPTCY COURT AUTHORITY**

    Following the Ninth Circuit's decision in <u>Exec. Benefits Ins. Agency v. Arkison (In re Bellingham Ins. Agency, Inc.)</u>, 702 F.3d 553 (9th Cir. 2012), *aff'd*, <u>Exec. Benefits Ins. Agency v.</u>

- 1

RECEIVED
April 24, 2015
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0005506680

Arkison, 134 S.Ct. 2165, 2175 (2014), bankruptcy courts do not have constitutional authority to enter final judgments on fraudulent transfer claims against non-creditors. 702 F.3d at 565. The Bellingham court, however, also held that a defendant's right to a hearing in an Article III court is waivable. Id. at 566. "[A] litigant's actions may suffice to establish consent" to adjudication by a non-Article III court. Id. at 569. Here, defendant is neither a creditor in the underlying bankruptcy case, nor was defendant sufficiently active in the case to give rise to a finding of a waiver of defendant's right to an Article III adjudication. Accordingly, the court does not have authority to enter a final judgment on the fraudulent transfer claim asserted against defendant. Thus, the court submits the following as its findings of fact and conclusions of law, together with its recommendation, to the district court.

**ANALYSIS**

The evidence submitted by the trustee consists of (1) the declaration of his attorney, who testifies to certain discovery propounded to the defendant and to the defendant's responses or lack thereof; (2) exhibits consisting of copies of checks signed by the debtor in the underlying case, Vincent Singh, payable to the defendant, and a copy of the trustee's requests for admissions to the defendant; and (3) a declaration of Gerard A. McHale, Jr., who testifies that in his opinion, Vincent Singh was operating a Ponzi scheme from 2005 or 2006 until August of 2010, and that "all payments from and to investors during that period which were for 'investment' purposes were payments in furtherance of the Ponzi scheme." McHale Decl., at 2:17-19. A

copy of Mr. McHale's expert report is also filed as an exhibit. Based in large part on his requests for admissions to the defendant, which the trustee's counsel testifies went unanswered, the trustee asks the court to conclude that the payments made by Singh to the defendant between August 19, 2008 and August 19, 2010, a total of $10,436, are avoidable as fraudulent transfers pursuant to § 548(a)(1)(A) of the Bankruptcy Code, and may be recovered from the defendant pursuant to § 550.

The motion depends upon the trustee's requests for admissions directed to the defendant and on the defendant's failure to respond to them. Plaintiff has filed, as a supplemental exhibit, a signed copy of the proof of service for the requests for admissions directed to the defendant. Specifically, the trustee asked the defendant to admit that, for each payment identified by the trustee in a list attached to the requests, the payment (1) was a payment from Vincent Singh, (2) was received by the defendant, and (3) was made pursuant to a Ponzi scheme orchestrated by Vincent Singh. Those facts, which are deemed admitted by the defendant's failure to respond (Fed. R. Civ. P. 36(a)(3), incorporated herein by Fed. R. Bankr. P. 7036), together with the trustee's evidence of Vincent Singh's Ponzi scheme – the McHale declaration and expert report, are sufficient to demonstrate that the payments to the defendant constituted actual fraudulent transfers.  Although the defendant pled good faith as an affirmative defense in his answer to the complaint, he has failed to submit any evidence of the same in response to this motion. Accordingly, the court concludes there

is no genuine dispute as to any material fact of the trustee's causes of action under § 548(a)(1)(A) and § 550 and the trustee is entitled to judgment on those causes of action as a matter of law.

For the reasons stated, the court recommends granting the motion for summary judgment and entering a judgment in favor of plaintiff in the amount of $10,436.

Dated: April 25, 2015

Robert S. Bardwil, Judge
United States Bankruptcy Court

– 4